# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/10/13.

REBECCA MONTESA, et al.,

  Plaintiffs,

   v.

DANIEL SCHWARTZ, et al.,

  Defendants.

Case No. 7:12-CV-06057-CS-GAY

ECF CASE

JUDGE CATHY SEIBEL

MAGISTRATE JUDGE
GEORGE A. YANTHIS

## PROTECTIVE ORDER

Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and it appearing that discovery in the above-entitled action is likely to involve Confidential Information (as hereafter defined), and for good cause shown, it is,

ORDERED that the following procedures, terms, and conditions shall govern all discovery, including without limitation the production, exchange, and use of all document production (electronic or otherwise), testimony, interrogatory responses, and other information produced, given, provided, or exchanged ("Discovery Materials") among the Parties to the above-captioned action;

WHEREAS, certain documents that may be subject to discovery in this action contain sensitive, confidential, and protected information under, inter alia, Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g(b); Individuals with Disabilities Education Act, 20 U.S.C. § 1417(c); 34 C.F.R. §§ 99.32, 300.602(b)(3), 300.622(a), 300.623(a), 300.614; N.Y. Educ. Law § 4402(7)(b); 8 N.Y.C.R.R. § 200.5(e); Health Insurance Portability and Accountability Act of

1

1996 (HIPAA); 45 C.F.R. §§ 160.100, *et. seq.*, relating to the Parties' proprietary, trade secret, financial, educational, medical, and other Confidential Information;

WHEREAS, the exchange of sensitive, confidential, and protected information by or between the Parties or third parties other than in accordance with this Order may cause unnecessary damage or injury to the Parties, third party children, or their parents or guardians;

WHEREAS, to ensure that no sensitive, confidential, and protected information is disclosed or obtained unlawfully or in any manner inconsistent with the rights of the Parties, third party children, or their parents or guardians.

1. This Protective Order ("Order"), shall govern the handling of all discovery (electronic or otherwise) as may be requested or produced as part of this action and may be contained in court files, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic matter, documents, or information ("Discovery Materials") produced by or obtained from any Party, or any third party who produces discovery material subject to the terms of this Order (said party or third party hereafter referred to as "the Producing Party") during the proceedings in the above-captioned action.

2. The Designating Party shall mean plaintiffs, defendants, and any third party who produces Discovery Materials covered by this Order, including those Parties' officers, directors, employees, or agents and their attorneys, agents, and assigns, subject to or participating in discovery in this action, whether or not a party to this action.

3. Any Designating Party may designate any Discovery Materials as "Confidential" when the Designating Party in good faith believes that the Discovery Materials contain, constitute, or disclose proprietary, commercial or otherwise confidential or sensitive information; non-public financial information of any kind; personal identifying information such as Social

Security Numbers; non-public information related to pricing; non-public information regarding compensation of any of the parties or their employees; non-public studies or analyses by internal or outside consultants or experts; non-public communications and information; trade secrets; or otherwise private or confidential information ("Confidential Information").

4.  Any Designating Party may designate any Discovery Materials as "Highly Confidential" when the Discovery Materials contain, constitute, or reveal confidential, non-public, and otherwise statutorily protected information. (Discovery Materials marked either "Confidential" or "Highly Confidential" are hereinafter also referred to as "Confidential Discovery Materials").

5.  Any Designating Party may designate any Discovery Materials as Confidential Discovery Materials by marking the Discovery Materials, prior to production, as "Confidential" or "Highly Confidential" or by identifying or designating by Bates range the specific Discovery Materials that are designated as Confidential Discovery Materials. Inadvertent failure to designate or otherwise identify materials as Confidential Discovery Materials at the time of production (i) shall not waive the Designating Party's right to, at some later time, designate the Discovery Materials as confidential and (ii) may be remedied by the Designating Party by supplemental written notice and the provision of copies of properly stamped documents. Upon receipt of such notice, all Discovery Materials, including all copies thereof, whether electronic, hard copy, or otherwise, so designated shall be fully subject to this Order. Inadvertent designation of documents as Confidential Discovery Materials shall be remedied by the Designating Party upon written request.

6.  Discovery Materials designated "Confidential" may be shown, disseminated, or disclosed only to the following Qualified Persons:

a.      The named parties to this action, their immediate family, their current or former officers, directors, employees, agents who need to know or have possession or access to any Confidential Discovery Materials for the purposes of this action; and counsel representing the Parties in this action (including members of such counsel's staff, such as paralegals, secretaries, law clerks, or interns, to whom it is reasonably necessary that the material be shown for purposes of this action), provided that such person, and that person's attorney, if any, has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto;

b.      Experts or consultants for any Party or Parties in connection with this action, provided that such expert or consultant has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto;

c.      Any court reporter, videographer or typist rendering services for recording or transcribing of testimony in this action or any outside independent reproduction firm or any technical or technology services firm rendering services for a party in this action, but only to the extent necessary for such services to be provided;

d.      Copying services, computer consulting and support services, exhibit makers, translators, and other persons or entities providing litigation support services retained by counsel for purposes of this action;

e.      Any person whom a named party intends, in good faith, to call as a witness in any deposition, hearing or at trial in this action, and that person's attorney to the extent reasonably necessary to prepare for and provide his or her testimony, provided that such person, and that person's attorney, if any, has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto;

f.      The persons who, in the ordinary course of business, authored or received the Confidential Discovery Materials, provided that such person has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto;

g.      Anyone to whom the Designating Party shall consent in writing to receive such Designating Party's Confidential Discovery Materials only, provided that such person has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto; and

h.      The Court and its personnel, court reporters, jury, and any mediator, in connection with this action.

7.      Discovery Material designated "Highly Confidential" may be shown, disseminated, or disclosed only to the following Qualified Persons:

4

a.      Outside counsel representing the parties, and in-house counsel, whom the Receiving Party identifies as in-house counsel who are primarily responsible for prosecution/defense of the Receiving Party in this action (including members of such counsel's staff, such as paralegals, secretaries, and law clerks, to whom it is reasonably necessary that the material be shown for purposes of this action), provided that such person has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto.

b.      Experts or consultants for any Party or Parties in connection with this action, provided that such expert or consultant has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto;

c.      Any court reporter, videographer or typist rendering services for recording or transcribing of testimony in this action or any outside independent reproduction firm or any technical or technology services firm rendering services for a party in this action, but only to the extent necessary for such services to be provided;

d.      Copying services, computer consulting and support services, exhibit makers, translators, and other persons or entities providing litigation support services retained by counsel for purposes of this action, but only to the extent necessary for such services to be provided;

e.      Any person whom a named party intends, in good faith, to call as a witness in any deposition, hearing or at trial in this action, and that person's attorneys to the extent reasonably necessary to prepare for and provide his or her testimony; provided (i) that such person, and that person's attorney, if any, has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto; and (ii) the deponent, potential witness, or other party authorized to have access to Confidential Information solely under this Paragraph shall not retain copies of any Confidential Discovery Materials;

f.      The persons who authored or originally or previously received the "Confidential" or "Highly Confidential" Discovery Materials in the ordinary course of business;

g.      Anyone to whom the Designating Party shall consent in writing to receive such Designating Party's "Highly Confidential" Discovery Materials only, provided that such person has executed an Acknowledgement and Agreement to be Bound substantially in the form of Exhibit A attached hereto; and

h.      The Court and its personnel, court reporter, jury, and any mediator, in connection with this action.

8.      Prior to disclosure of any Confidential Discovery Materials to any Qualified Persons defined in this Order, and as set forth in paragraphs 6 and 7 herein, counsel for the Party

disclosing such information shall first provide the receiving person with a copy of this Order and shall cause that person to execute an Acknowledgement and Agreement to be Bound in the form of Exhibit A hereto, the original signed version of which shall be retained in counsel's files.

9. Discovery Materials produced in electronic format shall be designated as Confidential Discovery Materials by application of an electronic "Confidential" or "Highly Confidential" designation in the electronic document itself, such as by "petrifying to tiff" or similar process or by identifying or designating by Bates range the specific Discovery Materials that are designated as Confidential Discovery Materials.

10. The producing party may, on the record of the deposition or by written notice to counsel for all parties no later than ten business days (10) after the receipt of the deposition transcript, designate portions thereof as "Confidential" or "Highly Confidential" under the terms of this Order. During any such ten (10) day period, all transcripts and the information contained therein will be deemed "Confidential" in their entirety under the terms of this Order. Thereafter, only those portions of a transcript of a deposition marked "Confidential" or "Highly Confidential" shall be treated as confidential, except that all copies of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" or "Highly Confidential" on the cover thereof and, when filed with the Clerk, shall be filed under seal.

11. Inadvertent disclosure or production of Discovery Materials that are subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of, such privilege, immunity, or protection. Any party who has received such Discovery Materials, upon learning that such Discovery Materials are subject to a claim of privilege, shall immediately notify the producing party in writing of the inadvertent

6

production and shall immediately upon discovery return such Discovery Materials to the party who produced them, or no later than ten (10) calendar days from receipt of a written request by the producing party for the return of the inadvertently produced Discovery Materials, and the Receiving Party shall not retain or keep any copy, electronic copy, hard copy, or otherwise, of the Discovery Materials or notes regarding the Discovery Materials or their contents.

12.    In the event that a Producing Party inadvertently produces Confidential Information without the required "Confidential" or "Highly Confidential" legend or with the incorrect legend, the Producing Party shall contact the Receiving Party as promptly as reasonably possible upon the discovery of the inadvertent production, and inform the Receiving Party or parties in writing of the inadvertent production and the specific material at issue. A party who learns that a Producing Party, through apparent inadvertence or mistaken disclosure, has disclosed materials or information that are missing a "Confidential" or "Highly Confidential" designation shall promptly notify the Producing Party of the apparently inadvertent or mistaken disclosure.

13.    Such inadvertent, mislabeled, or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter if notice of an intention to substitute the improper disclosure is given by the Producing Party within 10 business days of learning of the improper disclosure. Upon receipt of such notice, the Receiving Party or parties shall treat the material identified in the notice as Confidential Information under this Order, subject to the provisions regarding any challenges, if any, under paragraph 15. Following such notice of an inadvertent production, the Producing Party shall have 30 days to substitute any documents that were inadvertently or unintentionally produced without the "Confidential" or

7

"Highly Confidential" designation for documents containing such designation. Upon such a request for substitution, the Receiving Party must return the unmarked documents to the Producing Party within 14 days of the request. Furthermore, the party who receives the inadvertent or unintentional production shall use its best efforts to promptly obtain the return of such documents from any third parties, inform the Producing Party of the identity of these third parties, and bind such persons to the terms of this Protective Order.

14. Deposition testimony that one of the parties reasonably believes will contain "Confidential Information" or "Highly Confidential" information shall only be taken from persons entitled to access to such information under Paragraphs 6 and 7 of this Order. Any deposition or other testimony may be designated as Confidential Information by so stating orally on the record or by so advising all counsel appearing in this action in writing within thirty (30) days after receipt of a rough transcript or, if a rough transcript is not provided to the parties, the final transcript (the "Transcript"). The entire content, transcript and exhibits to each deposition shall be treated as if it had been designated as Confidential in accordance with the provisions of this Order until thirty (30) days after all parties have received the Transcript and exhibits, after which only the portions specifically designated as Confidential Information pursuant to the first sentence of this paragraph shall be so treated.

15. If any Receiving Party objects to the designation of any Discovery Materials as either of the two classes of "Confidential Discovery Materials", the party shall state the objection in writing to counsel for the Designating Party. The parties shall attempt to resolve the dispute in a timely manner. In the absence of such resolution, the Receiving Party objecting to the confidentiality designation may file a motion to have the designation modified or removed, provided, however, that any such request to the Court shall be made only after the Receiving

8

Party has provided the Designating Party fifteen (15) business days' written notice. The burden remains on the designating party to demonstrate that the material in question contains the designated class of Confidential Information. Until a motion is filed and resolved by the Court, the Discovery Materials shall be deemed and treated as "Confidential" or "Highly Confidential" under the terms of the Order unless and until (i) the Court rules otherwise, or (ii) the Designating Party agrees in writing to withdraw the confidentiality designation.

16.    Qualified Persons authorized to have access to Confidential Discovery Materials shall maintain the confidentiality thereof, shall not disseminate or disclose such Confidential Discovery Materials to any person not authorized to have access to Confidential Discovery Materials pursuant to this Order, and "Confidential" or "Highly Confidential" designated discovery materials may not be used in any other legal proceeding or action, or for any purpose other than in connection with this action, or an appeal of this action.

17.    Qualified Persons authorized to have access to Confidential Discovery Materials shall make copies of such Confidential Discovery Materials only to the extent that it is reasonably necessary to assist the parties in connection with the action or appeal of this action.

18.    In the event that any person or party receiving documents designated as "Confidential" or "Highly Confidential" is served with a request, subpoena, demand, or other legal process that seeks production of Confidential Discovery Materials, such person (the "Requested Person"), unless otherwise prohibited by law, shall give notice by email to the attorneys of record for the Designating Party within five (5) calendar days of the receipt of such request, subpoena, demand, or other legal process; shall furnish the Designating Party with a copy of said request, subpoena, demand, or other legal process; and shall cooperate with respect to any procedure sought to be pursued by the Designating Party. The Requested Person, unless

9

otherwise required by law, shall not produce the Confidential Discovery Materials until the latest of: (i) receipt of prior written consent from the Designating Party; (ii) the return date of the subpoena or other process (in the event the Designating Party does not object to, seek to quash, or seek a protective order from the subpoena by the return date); or (iii) five (5) business days after a court orders such production or such shorter period as the Court may direct.

19.    In the event that any Confidential Discovery Materials are used in any court proceeding in this action or any appeal therefrom, the Confidential Discovery Materials shall not lose their status as Confidential Discovery Materials through such use. In the event that any party or its counsel determines to file or submit to the Court, or to any appellate court involved in an appeal in this action, any Confidential Discovery Materials, or any papers containing Confidential Information derived from Confidential Discovery Materials, such documents or portion thereof containing such material or information shall be placed in sealed envelopes and labeled as "Confidential Subject to Protective Order" and filed under seal and kept under seal and released only as provided by agreement of the undersigned parties or order of the Court. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of this action.

20.    Nothing in this Order shall restrict, or be construed as restricting, a Designating Party's use of its own Discovery Materials designated as "Confidential" or "Highly Confidential". However, any information that the Designating Party files with the Court in pleadings or otherwise shall no longer be deemed Confidential Discovery Materials unless the Designating Party has filed such information under seal pursuant to the procedures provided herein or unless information that the Designating Party files with the Court in pleadings or otherwise was done through inadvertence. If the information and/or documents were filed into

10

the record inadvertently the Designating Party has fifteen (15) calendar days to seek the appropriate relief.

21.     This Protective Order shall also be construed (a) to apply to information which was in the possession of a third party (or its counsel) prior to disclosure by any party; (b) to apply to any information which a party (or its counsel) obtains from a third party having the lawful right to disclosure of such information; (c) to apply to any information developed independently by a party as reflected in written documents; (d) to apply to any summary, copy of or excerpt from a document stamped "Confidential" or "Highly Confidential", to the same extent as the underlying document itself, and such summary must also be labeled as "Confidential" or "Highly Confidential" and (e) to apply to any information that is sensitive in nature and through no fault of any party is in the public domain before the date of entry of this Protective Order or subsequently becomes part of the public domain. Nothing in this Order prohibits or prevents any party hereto from applying to the Court for a further protective order relating to any Discovery Materials or for an order permitting disclosure of Confidential Discovery Materials other than as provided herein. The provisions hereof may also be modified on the Court's own motion, or by the Court upon motion by any party.

22.     In the event that counsel for any party determines to file with or submit to the Court any Confidential or Highly Confidential discovery material or information derived therefrom, or any papers containing or making reference to such material or information, such documents shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed:

a.      The caption, as specified in Paragraph 1 of this Order and as appearing on this Order;

11

b.  The name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and

c.  A statement substantially in the following form:

### [DISCLOSING PARTY'S NAME]

### CONFIDENTIAL

**This envelope (or container) is sealed pursuant to Protective Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to agreement of the disclosing party or parties to these actions.**

The subject envelope or container shall not be opened without further order of the Court except by qualified persons, who shall return such envelope or container to the Clerk of Court appropriately, sealed and endorsed as herein provided, or pursuant to Agreement of the disclosing party.

23.  Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

a.  Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter, or

b.  Prejudice in any way the right of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege;

c.  Prejudice in any way the rights of a party to seek court determination whether particular discovery material should be produced; or

12

d.    Prejudice in any way rights of a party to apply to the Court for a further protective order relating to any confidential information.

24.    This Order has no effect upon, and its scope shall not extend to, any party's use of its own discovery material or personal records. The terms of this Order shall not apply to any information or documents obtained from public sources, including media outlets and governmental agencies.

25.    In the event additional persons become parties to this action, they shall not have access to confidential information produced by or obtained from any other party to this action until the newly joined party, by court order, has been made subject to this Order.

26.    Upon conclusion of this action, as to each person other than an individual Plaintiff (or his or her personal attorney), all confidential discovery materials supplied by these parties and non-parties and all copies thereof shall be returned to the producing party or non-party witness or such discovery material shall be certified to have been destroyed.

27.    Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in this litigation. This Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

28.    The provisions of this Order shall survive the conclusion of this action and shall continue in full force and effect.

29.    Nothing in this Order shall prohibit the parties from seeking an order of the Court, or an order from any court or courts to which this litigation may be transferred and coordinated, regarding the production or protection of these materials in the future.

13

30.    All educational and other records subject to, *inter alia*, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g(b); the Individuals with Disabilities Education Act, 20 U.S.C. § 1417(c); 34 C.F.R. §§ 99.32, 300.602(b)(3), 300.622(a), 300.623(a), 300.614; N.Y. Educ. Law § 4402(7)(b); 8 N.Y.C.R.R. § 200.5(e); and the Health Insurance Portability and Accountability Act of 1996 (HIPAA); 45 C.F.R. §§ 160.100, *et. seq.*, if produced, shall be produced in redacted form. Redactions shall remove all personally identifiable information and/or "individually identifiable health information" from any record subject to the foregoing laws and regulations, except as expressly provided herein and authorized by the Court.

a.    Pursuant to the Court's order and agreement of the Parties, only the following personally identifiable information shall not be redacted from student records:

i.    Student initials;

ii.    Student identification numbers;

iii.    The last four digits of a student's Medicaid identification number; and,

iv.    The name of the town where the student resides, although the rest of the student's address (i.e., street and number) shall be duly redacted.

b.    To the extent any such document is produced that inadvertently fails to redact protected information other than the information expressly provided in the foregoing paragraph 30(a), such document or other material shall be immediately returned to the Producing Party, and the Receiving Party shall not retain any copy or form of the un-redacted document.

14

c. All documents produced pursuant to this paragraph shall be marked "Highly Confidential" pursuant to paragraph 7 of this Order.

31. The only documents or materials eligible to be used in this case are those that have been duly requested and produced pursuant to lawful discovery procedures or other lawful or statutory means of obtaining such documents or materials, including, *inter alia*, via a FOIL request or FOIA request. All protected documents or information as set forth in paragraph 30 of this Order, or otherwise Confidential documents or information belonging to a Party, that are produced to a Party anonymously or by a third party that is not subject to a third party subpoena, other compelled process, or pursuant to written authorization or release from a person with requisite lawful authority, shall be immediately disclosed and returned to the Party that owns the documents or other materials. The receiving Party shall certify that it has destroyed any and all copies or summaries of such returned documents.

SO ORDERED:

George A. Yanthis
United States Magistrate Judge
United States Southern District of New York

Dated: _____ June 10, 2013 _____

15

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

State of _____

County of _____


_____, being duly affirmed, deposes and says:

1.      I declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Southern District of New York, on _____, 2013 in *Montesa, et al. v. Schwartz, et al.*, 12 CV 06057 (CS) (GAY).

2.      I agree to comply with and to be bound by all of the provisions of the Protective Order and I understand that the failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3.      I promise I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any material and information designated "Confidential" or "Highly Confidential" or any words, substances, summaries, abstracts or indices of such material disclosed to me, and I shall use such material only for purposes of this action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose, except in strict compliance with the provision of this Protective Order.

4.      I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Protective Order, and fully

understand that violation of the Protective Order is punishable as contempt of Court and may subject me to further liability, even if such enforcement proceedings occur after termination of the these proceedings.

5.    I will return all material designated "Confidential" or "Highly Confidential" or any words, substances, summaries, abstracts and indices thereof; and copies thereof, which came into my possession, or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

6.    I hereby appoint _____ _____ of _____

_____[print name, address, and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to the enforcement of this Protective Order.

Executed this _____ day of _____, 20__.

Signed: _____

2