# Advocates for Justice



New York Office
225 Broadway
Suite 1902
New York, New York 10007
p: 212-285-1400 – ext. 712
f:  212-285-1410

**Laura Dawn Barbieri**
Of Counsel
(cell) 914-819-3387
lbarbieri@advocatesny.com

September 12, 2014

By ECF and EMAIL

Judge Cathy Seibel
United States District Judge
Charles L. Brieant Jr. Federal Building
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      RE:   *Montesa v. Schwartz*, No. 12 CV 06057 (CS) (JCM)
              Request for Pre-Motion Conference to Move
              to Bifurcate Liability and Damages

Dear Judge Seibel:

      We write on behalf of plaintiffs to request a pre-motion conference prior to moving pursuant to Fed. R. Civ. P. 42(b) to bifurcate liability and damages for purposes of discovery and trial. This motion is particularly timely since counsel for defendant District has indicated their intent to take each plaintiff's deposition; over 70 depositions have been noticed to date. Bifurcation will allow the parties to more efficiently and less expensively focus on the specific issue of defendants' liability under the Establishment Clause rather than on damages discovery. Moreover, given that each plaintiff is being videotaped, audio-taped, and stenographically recorded, the expense to the District of taking over 400 depositions to establish plaintiffs' damages is substantial. As the Court is aware, this money comes directly from the taxpayer funds designated for the education of the children of the East Ramapo Central School District. Bifurcation is a more effective and less costly way to proceed and will save what may be unnecessary expenses should liability fail to be established.

      Unless bifurcation is permitted, damages discovery will dwarf the rest of discovery, both in time and expense. For example, even an expedited deposition schedule of six to eight depositions per week would require that the parties spend more than a year taking depositions.

Hon. Cathy Seibel
Page 2
September 12, 2014

Not only would this time and expense be saved if liability were not established, but bifurcation would be a particularly effective means to streamline the litigation here since the issues of liability and damages are sufficiently distinct. Once defendants' liability is established, the parties then may appropriately address the more time-consuming and expensive discovery necessary to establish plaintiffs' collective and individual damages.[1]

    Thank you for your attention and consideration.

Respectfully yours,

*/s/Laura D. Barbieri*

Laura D. Barbieri

cc: All defense counsel by ECF and email

---

[1] Counsel addressed the issue of bifurcation with counsel for the District and the parties do not agree that bifurcation is appropriate or would obviate the necessity of taking each plaintiff's deposition. Defendant contends that each deposition is necessary to establish plaintiff's standing by determining whether each suffered an "injury in fact." Plaintiffs disagree with this reasoning and will address this issue in their motion.